**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANGELA S. WEIGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-339-GKF-TLW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the court is the Report and Recommendation ("R&R") of United States

Magistrate Judge T. Lane Wilson (Dkt. #25) and the Objections thereto filed by plaintiff, Angela

S. Weigel ("Weigel") (Dkt. #26).  The R&R is a judicial review of the decision of the

Commissioner of the Social Security Administration to deny Weigel's claim for supplemental

security income ("SSI") benefits under Title XVI of the Social Security Act ("SSA"), 42 U.S.C.

§§ 1382c(a)(3)(A).

**I.  Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine *de novo* any part

of the magistrate judge's disposition that has been properly objected to.  The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions."  However, even under a *de novo* review of such

portions of the Report and Recommendation, this court's review of the Commissioner's decision is

limited to a determination of "whether the factual findings are supported by substantial evidence

in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  It is more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  The court must "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 416.912(a).  "Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  To meet this burden, plaintiff must provide medical evidence of an impairment and the severity of the impairment during the time of her alleged disability. 20 C.F.R. § 416.912(b).  A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  Evidence must come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. § 416.913(a).

## II.  Procedural Background

Weigel filed an application for supplemental security income on December 19, 2005. Weigel's claim was initially denied on March 21, 2006, and denied again upon reconsideration on November 22, 2006. (Dkt. 14-3, p.7).  Administrative Law Judge ("ALJ") John Volz then

conducted a hearing on May 5, 2008. (Dkt. #14-3, p.7).  The ALJ denied Weigel's claim on May

28, 2008. (Dkt. #14-3, p.13).  The Appeals Council reversed and remanded the ALJ's

determination for further consideration. (Dkt. #14-3, p.14-17).  The ALJ conducted a second

hearing on December 30, 2008 and again denied Weigel's claim for SSI on March 4, 2009. (Dkt.

#14-2, p.9).  The Appeals Council found no error in the ALJ's determination and denied Weigel

relief on March 30, 2009. (Dkt. #14-2, p.2-4).  This denial was the Commissioner of the Social

Security Administration's final decision. 20 C.F.R. § 416.1481.  In response, Weigel filed a

timely civil action on May 2, 2009. (Dkt. #2).

The Magistrate Judge issued his Report and Recommendation that the decision of the

Social Security Commissioner be affirmed.  Weigel timely filed her Objections to the R&R.

### III.  Analysis

In order to determine whether a claimant is under a disability, the Secretary applies a five-

step inquiry: (1) whether the claimant is currently working; (2) whether the claimant suffers from

a severe impairment; (3) whether the impairment meets an impairment listed in appendix 1 of the

relevant regulation; (4) whether the impairment prevents the claimant from continuing her past

relevant work[1]; and (5) whether the impairment prevents the claimant from doing any kind of

---

[1]To make this determination, the ALJ must first determine the claimant's residual functional capacity, i.e., her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  20 CFR 404.1520(e) and 416.92(3).  In making this determination, the ALJ must consider all of the claimant's impairments, including those that are not severe.  20 CFR 404.152(e), 404.1545, 416.92(e) and 416.945; SSR 96-8p.  Then the ALJ must determine whether the claimant has the residual functional capacity to perform the requirements of her past relevant work.  20 CFR 404.1520(f) and 416.920(f).  If the claimant has the residual functional capacity to do her past relevant work, the claimant is not disabled.  If the claimant is unable to do any past relevant work or does not have any past relevant work, the analysis proceeds

work.  20 C.F.R. §§404.1520, 416.920.  *See Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir.

1992).  If at any point in the process, the secretary finds that the claimant is disabled or not

disabled, the review ends.  *Musgrave* at 1374.  In this appeal, Weigel claims three errors in the

Magistrate Judge's R&R: 1) application of the wrong legal standards in assessing Weigel's

residual functional capacity ("RFC"), 2) application of the wrong legal standards in finding that

Weigel could perform other work, and 3) application of the wrong legal standards in properly

evaluating Weigel's credibility.[2]

### A.  Residual Functional Capacity Evaluation

On appeal, Weigel first contends that it was error for the ALJ not to specifically cite Dr.

Crall's statement that Weigel's "ability to complete most tasks appropriately and within a timely

manner was likely compromised by difficulties sustaining attention." (Dkt. #26, p.2) (citing Dkt.

#14-7, p.22).  The general rule is that "[a]lthough the ALJ need not discuss all of the evidence on

the record, he may not ignore evidence that does not support his decision, especially when that

evidence is significantly probative." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th

Cir. 2001).  In *Briggs*, a child disability case, the ALJ did not consider a battery of several

standardized tests that showed significant development problems in the child. *Id.*  The Tenth

Circuit found that it was error to ignore the tests, emphasizing that "use of standardized tests is the

preferred method of documentation if such tests are available." *Id.* (quoting 20 C.F.R. Pt. 404,

---

to the fifth step.

[2]Although Weigel's arguments are described as relating to the applicable "legal standard," their substance actually relates to the completeness and substance of the facts addressed by the ALJ. (See Dkt. #26).

Subpt. P, app. 1, § 112.00(C)).  This Court does not read *Briggs* to require that the ALJ's

determination must directly reference every single adverse phrase in the 454 page record. (*See*

Dkt. #14, *et seq.*).  Rather, *Briggs* stands for the proposition that the ALJ must not "ignore

evidence" adverse to his determination, especially if the evidence is "significantly probative." 248

F.3d at 1239.

The ALJ dedicated two full paragraphs of his determination to Dr. Crall's report. (Dkt.

#14-2, p.13).  Although he did not directly cite the passage on timely completion of tasks, the ALJ

did consider the conclusions of Dr. Crall that Weigel suffered from emotional rather than cognitive

disorders, including: Post-Traumatic Stress Disorder ("PTSD"), a mood disorder, and a panic

disorder with agoraphobia. (*Id.* (citing Dkt. #14-7, p.23)).  The ALJ need not recite every adverse

statement in a medical expert's report, especially when the ALJ's decision reflects consideration of

the medical report as a whole.  The ALJ's considered treatment of Dr. Crall's report belies a

suggestion that this evidence was "ignored" as in *Briggs*.  The ALJ's treatment of Dr. Crall's

opinion is consistent with the requirements of *Briggs*.

Weigel also contends that the ALJ erred when he did not assess her limitations in social

functioning at steps four and five. (Dkt. #26, p.3).   In an unpublished decision, the Tenth Circuit

has provided some guidance on this issue, finding that generally when "the claimant suffers from a

severe mental impairment that does not meet the listings, the consideration of the mental RFC

must include an assessment of the ability 'to interact appropriately with the public, supervisors,

and co-workers.'" *Flores v. Apfel*, 242 F.3d 388, *3 (10th Cir. 2000) (unpublished) (citing

*Washington v. Shalala*, 37 F.3d 1437, 1440 (10th Cir. 1994)).  Although the ALJ did not

specifically refer to Weigel's ability to "interact appropriately" at work, he determined that

Weigel's emotional impairments in social interactions were either "not an intensely felt feeling,"

or that the prognosis for her treatment was "good." (Dkt. #14-2, p.14).  The ALJ also determined

that Weigel's claims of extreme agitation in the presence of others were not credible. (*See Id.*).

Although some of the record and parties' citations are not clear regarding Weigel's shopping

habits and employment history with Wal-Mart[3], this does not undermine the substantial evidence

the ALJ cites to make his conclusion. (*See Id.*).  The ALJ also found that his RFC determination

was supported by the state agency's mental RFC assessment. (*Id.*).  This substantial evidence was

sufficient to determine Weigel's residual functional capacity.

Weigel claims that the ALJ erred by not directly addressing the Global Assessment of

Functioning ("GAF") scores from Family & Children's Services ("FCS").  There is no binding

precedent to indicate whether an ALJ must consider a GAF score in his written decision.  In an

unpublished decision the Tenth Circuit has indicated that "a low GAF score does not alone

determine disability, but is instead a piece of evidence to be considered with the rest of the

record." *Petree v. Astrue*, 260 F. App'x 33, 42 (10th Cir. 2007) (unpublished) (citing *Howard v.*

*Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir.2002)).  The Sixth Circuit found that "[w]hile a

GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the

RFC's accuracy." *Howard*, 276 F.3d at 241.  Another unpublished Tenth Circuit opinion holds that

"[s]tanding alone, a low GAF score does not necessarily evidence an impairment seriously

interfering with a claimant's ability to work." *Lee v. Barnhart*, 117 F. App'x 674, 678 (10th Cir.

2004) (unpublished).  These decisions, taken together, indicate that discussion of a GAF score is

---

[3]It is unclear whether Weigel was fired from Wal-Mart, Burger King, or both for arguing with her manager.  The corporate identity of her employer in that instance is not a significant detail.

not essential to an RFC determination.[4]  None of the other medical evidence in this case contained

a substantial difference of medical opinion amongst clinicians who evaluated the claimant's RFC.

(*See* Dkt. #25, p.11).  The ALJ properly relied on medical evidence besides the GAF score in this

case.  Therefore, the RFC determination is supported by substantial evidence and the correct legal

standards were applied.[5]

## B.  Step Five Determination[6]

A court reviewing the step four or five determination of an ALJ must "closely examine the

record as a whole to determine whether the Secretary's decision is supported by substantial

evidence and adheres to applicable legal standards." *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir.

1996) (citing *Evans v. Chater*, 55 F.3d 530, 531 (10th Cir. 1995)).  At step five, the burden of

proof shifts to the Commissioner for the limited purpose of showing that the claimant can perform

"other work on a sustained basis, given both exertional and nonexertional limitations." *Thompson*

*v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993) (citations omitted).  As discussed above, the ALJ

provided proper justification (including his discussion of Dr. Crall's report) for his determination

---

[4]Although not included in his ultimate determination, the ALJ did make his view of the reliability of the GAF number in this case known.  The ALJ remarked on the record that the GAF score was only a "snapshot in time" applicable to "just that day when [examiners] particularly saw her." (Dkt. #14-2, p.57).

[5]Weigel also argues, mostly in footnotes 8-10, that the ALJ did not consider Weigel's short-term work experience and the "severe anxiety" that work caused for her. (Dkt. #26, p.6).  The ALJ's determination directly discusses Weigel's employment history, and the anxiety it allegedly caused. (See Dkt. 14-2, p.4-6).  The ALJ's ultimate conclusion on Weigel's RFC was supported by substantial evidence on these issues.

[6]This Court agrees with the Magistrate Judge's finding that there was insufficient evidence to support the ALJ's determination until Step Five. (*See* Dkt. #25, p.13).

of Weigel's RFC for sedentary work, limited to simple tasks.  The ALJ properly enlisted the aid of

a vocational expert to determine what employment opportunities are available to someone of

Weigel's RFC. (See Dkt. #14-2, p.55).  The vocational expert was already familiar with the file

and prior work experience of the claimant, and listed eight potential jobs with adequate availability

in Oklahoma. (*Id.*).  Weigel argues that the ALJ ignored her prior work experience and Dr. Crall's

testimony, however, the ALJ had already examined these issues in his RFC determination.  There

is no requirement that the ALJ repeat the grounds for his RFC assessment at each stage of the

determination.  Therefore, this Court finds that the ALJ's determination was supported by

substantial evidence and the correct legal standard was applied.


### C.  Credibility Analysis

Weigel contends the ALJ erred in his credibility assessment.  The ALJ's "[f]indings as to

credibility should be closely and affirmatively linked to substantial evidence and not just a

conclusion in the guise of findings." *Hamlin v. Barnhart*, 365 F.3d 1208, 1220 (10th Cir. 2004).

The ALJ found that Weigel's "statements concerning the intensity, persistence and limiting effects

of these symptoms" were not credible "to the extent they are inconsistent with the above residual

functional capacity assessment." (Dkt. #14-2, p.14).  The ALJ cited Weigel's reported shopping

trips as evidence that her claim of anxiety attacks whenever she goes into public areas lacked

credibility.[7] (Dkt. #14-2, p.14).  The ALJ also properly considered Weigel's testimony regarding

---

[7]Although it was unclear to this Court from only the written record whether these shopping trips
were made alone or accompanied by her boyfriend, Weigel did not report anxiety attacks or other
problems on these trips. (Dkt. 14-6, p.9).  The ALJ was in the best position to analyze the credibility
of these statements.

her employment history and her ability to adapt to changes in routine as indications that her claims of extreme anxiety lacked credibility.[6] (Dkt. #14-2, p.14).  Although Weigel alleged she had bipolar disorder, the ALJ found this claim lacked credibility in the face of contradictory medical reports. (*Id.*).  The ALJ's credibility determination is reinforced by the substantial evidence of the medical reports reviewed during the RFC assessment which do not support Weigel's claims of extreme anxiety and disability.  Weigel did not submit any additional medical testimony or evidence to challenge the record.  The ALJ was in the best position to assess the credibility of Weigel and properly linked his findings to specific and substantial evidence.  This Court finds that the ALJ's credibility determination was based upon substantial evidence and the correct legal standards were applied.

### III.  Conclusion

For the reasons set forth above, the Report and Recommendation of the Magistrate Judge (Dkt. #25) is accepted and the decision of the Social Security Commissioner denying plaintiff's applications for benefits is affirmed.  Plaintiff's Objections (Dkt. #26) are overruled.

ENTERED this 30th day of September, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[6]The ALJ also indicated in his original determination that Weigel was able to attend weekly doctor's visits alone and without any apparent problems or anxiety. (Dkt. #14-3, p.11).